IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ENOCH JOHNSON, | § | |
| | § | No. 235, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 2101011771 (N) |
| STATE OF DELAWARE, | § | 1909003409 (N) |
| | § | |
| Appellee. | § | |

Submitted: February 19, 2025
Decided: April 14, 2025

Before **VALIHURA**, **TRAYNOR**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, we find it evident that the Superior Court's judgment should be affirmed. On June 21, 2021, the appellant, Enoch Johnson, resolved two sets of criminal charges by pleading guilty to one count of first-degree robbery and one count of possession of a firearm during the commission of a felony. On September 17, 2021, the Superior Court sentenced Johnson to a six-year term of unsuspended incarceration followed by decreasing levels of supervision. Johnson did not appeal his convictions or sentence, and his convictions therefore became final thirty days thereafter.[1] On March 6, 2024—almost two and one-half years after

---

[1] Del. Super. Ct. Crim. R. 61(m)(1).

his convictions became final—Johnson moved for postconviction relief under Superior Court Criminal Rule 61, raising claims of ineffective assistance of counsel and alleging that he had been coerced into pleading guilty. The Superior Court did not abuse its discretion when it denied Johnson's motion for postconviction relief: the motion was procedurally barred as untimely filed[2] and did not satisfy the pleading requirements of Rule 61(i)(5). And contrary to Johnson's claim on appeal, the Superior Court, which expanded the record with an affidavit from trial counsel, did not abuse its discretion when it denied Johnson's motion without permitting him the opportunity to file a memorandum of law.[3]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] Del. Super. Ct. Crim. R. 61(i)(1) (providing in part that "[a] motion for postconviction relief may not be filed more than one year after the judgment of conviction is final").

[3] Del. Super. Ct. Crim. R. 61(g) (providing that the Superior Court *may* expand the record to include additional relevant materials). We note that Johnson neither filed, nor asked to file, a memorandum of law in support of his motion.